UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN E. BONHAM,

        Plaintiff,

v.

BRADLEY LYONS et al.,

        Defendants.

_____/

Case No. 1:25-cv-1022

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.[1] In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

---

[1] This action was originally filed by two plaintiffs. (Compl., ECF No. 1.) On August 26, 2025, the Court entered an order (ECF No. 4) severing the claims of the plaintiffs into two actions. The Court further ordered that Plaintiff file an amended complaint within 28 days. (*Id.*) This matter is now before the Court on Plaintiff's amended complaint (ECF No. 6).

**Discussion**

I.   **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred at the Kent County Correctional Facility, located in Grand Rapids, Kent County, Michigan. Plaintiff sues Kent County Sheriff's Office Captain Bradley Lyons, Attorney Herman Hofman, Paralegal Vimi Sharma, and the Kent County Sheriff's Office. (Am. Compl., ECF No. 6, PageID.18.)

Plaintiff alleges that, on June 18, 2025, Defendants printed Plaintiff's "personal information" including the name of Plaintiff's then-significant other, Tricia Knott, and disclosed this information to non-party Inmate Tyrell Motray Henderson. (*Id.*, PageID.19–20.) Ms. Knott later terminated her relationship with Plaintiff and formed an intimate relationship with Inmate Henderson. (*Id.*, PageID.20.) Plaintiff claims that he has been denied the opportunity to file a grievance concerning this incident. (*Id.*, PageID.21.)

Plaintiff also alleges that he has "even been sexually assaulted for 6 months straight" while at the Kent County Correctional Facility. (*Id.*, PageID.22.)

Plaintiff brings claims for violation of his Fourth, Eighth, and Fourteenth Amendment rights, as well as under Article I, Sections Two, Eleven, Sixteen, and Seventeen of the Michigan Constitution.[2] (*Id.*, PageID.20.) He seeks monetary damages and declaratory relief. (*Id.*, PageID.24.)

---

[2] Because Plaintiff specifically identifies the claims that he intends to bring in this suit, the Court does not construe Plaintiff's amended complaint to raise any other claims.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Defendants Hofman and Sharma

Plaintiff seeks to bring claims under § 1983 against Defendants Attorney Hofman and Paralegal Sharma. However, a claim under § 1983 may be brought only against a person acting under color of law. *West*, 487 U.S. at 48. Defense attorneys and their staff performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318 (1981); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *Corley v. Vance*, 365 F. Supp. 3d 407, 460 (S.D.N.Y. 2019), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020) (holding that appointed defense counsel and investigator "were not state actors, as required under § 1983"); *Cook v. Cnty. of Fresno*, No. 1:18-cv-01347, 2018 WL 6044922 at *3 (E.D. Cal. Nov. 19, 2018) ("[P]ublicly appointed investigators and paralegals do not act under 'color of state law' within the meaning of section 1983."). Consequently, Plaintiff has failed to state a claim under § 1983 against Defendants Hofman and Sharma upon which relief may be granted, and the Court will dismiss Plaintiff's amended complaint against them.

### B.    Defendant Kent County Sheriff's Office

Plaintiff sues the Kent County Sheriff's Office. However, the Kent County Sheriff's Office does not exist as a separate entity; it is simply an agent of the county. *See Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988); *Bayer v. Almstadt*, 185 N.W.2d 40, 41 (Mich. Ct. App. 1970)). Construing Plaintiff's *pro se* amended complaint with all required liberality, *Haines v. Kerner*, 404 U.S. 519,

520 (1972), even if the Court assumes that Plaintiff intended to sue Kent County, he fails to state a claim upon which relief may be granted.

Kent County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, Kent County is liable only when an official policy or custom causes the constitutional injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, although Plaintiff's amended complaint alleges wrongdoing during Plaintiff's incarceration in the Kent County Correctional Facility, Plaintiff fails to allege any facts whatsoever that would plausibly suggest the existence of a custom or policy, let alone that any policy or custom was the moving force behind his alleged constitutional injuries. *Cf. Rayford v. City of Toledo*,

No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation). Therefore, the Court will dismiss Plaintiff's claims against Defendant Kent County Sheriff's Office for failure to state a claim.

### C.  Defendant Bradley Lyons

Plaintiff brings claims against Defendant Lyons for disclosing the name of Plaintiff's girlfriend to Inmate Henderson. He alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights.

#### 1.  Fourth Amendment Claims

Plaintiff alleges that Defendant Lyons violated Plaintiff's Fourth Amendment rights when he disclosed the name of Plaintiff's visitor to Inmate Henderson. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . ." U.S. Const. amend. IV. These constitutional protections hinge on the occurrence of a "search." *See Kyllo v. United States,* 533 U.S. 27, 32 (2001) (discussing "when a search is not a search"). There is nothing about the disclosure of the name of Plaintiff's visitor to Inmate Henderson that could be described as a "search."

Furthermore, even if Defendant Lyons' disclosure could be seen as a search generally, it cannot be considered a search for Fourth Amendment purposes. A search is defined in terms of a person's "reasonable expectation of privacy." *Widgren v. Maple Grove Tp.,* 429 F.3d 575, 578 (6th Cir. 2005). For the Fourth Amendment protections to apply, the individual must have a subjective expectation of privacy in the object of the challenged search, and society must be willing to recognize that expectation as reasonable. *California v. Ciraolo,* 476 U.S. 207, 211 (1986).

6

In this case, there is certainly no legitimate expectation of privacy in the identity of one's visitors while in jail. Indeed, an inmate does not even have a legitimate expectation of privacy in telephone calls made from within the jail to individuals other than his attorney. *See U.S. v. Adams*, 321 F. App'x 449, 462 (6th Cir. 2009) (finding inmate had no reasonable expectation of privacy in out-going telephone call); *Smith v. Bradley*, No. 94–5351, 1995 WL 241996, at *4 (6th Cir. April 25, 1995) (holding that if security concerns can justify strip and body-cavity searches, and wholly random cell searches, then it is reasonable to monitor prisoners' telephone conversations). Therefore, for each of the foregoing reasons, Plaintiff cannot maintain a Fourth Amendment claim against Defendant Lyons, and the Court will dismiss Plaintiff's Fourth Amendment claims for failure to state a claim.

### 2.     Eighth and Fourteenth Amendment Claims

Plaintiff also contends that Defendant Lyons violated his Eighth and Fourteenth Amendment rights. At the time of the events described in the amended complaint, Plaintiff was a probationer held in the custody of the Kent County Correctional Facility.[3] Courts are split on whether an individual being held for a suspected parole or probation violation is to be treated as a pretrial detainee or a convicted prisoner. *See Green v. Taylor*, 1:22-cv-1007, 2023 WL 415502, at *4 (W.D. Mich. Jan. 26, 2023) ("The issue of whether a person confined during the pendency of probation violation proceedings should be treated as a pretrial detainee or a convicted prisoner for purposes of a constitutional challenge to jail conditions is an issue upon which courts have differed.") (collecting cases). This split means that it is unclear whether Plaintiff's claims should be judged according to an Eighth or Fourteenth Amendment standard.

---

[3] *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=680736 (last visited Sept. 29, 2025).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

While the Eighth Amendment limitation applies to "punishments," a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnote and citations omitted). When a claim of deliberate indifference "is asserted on behalf of a pretrial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (internal quotation marks and citations omitted). Under the Fourteenth Amendment, "[a] pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Brawner v. Scott Cnty.*, 14 F.4th 585, 597 (6th Cir. 2021) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). He or she must prove

8

that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (citation and quotation marks omitted).

Here, regardless of the standard applied, Plaintiff has not stated a constitutional claim. There is nothing to indicate that the voluntary termination of a relationship by Plaintiff's significant other is the type of harm that the Constitution was intended to protect against. Moreover, Plaintiff has not pointed to any facts that would suggest that Defendant Lyons, in disclosing the name of Plaintiff's visitors to Inmate Henderson, should have been aware the disclosure would lead Plaintiff's then-girlfriend to choose to terminate her relationship with Plaintiff.

Therefore, for each of the foregoing reasons, the Court will dismiss Plaintiff's Eighth and Fourteenth Amendment claims for failure to state a claim.

### D.      Eighth and Fourteenth Amendment Sexual Assault Claims

Plaintiff alleges that he was sexually assaulted while in the Kent County Correctional Facility. (Am. Compl., ECF No. 6, PageID.18.) However, Plaintiff does not identify any individual, let alone any named Defendant, responsible for these actions.

As with any § 1983 claim, "each [g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 676. Thus, it remains Plaintiff's obligation to attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544. Plaintiff does not allege any facts that would plausibly suggest that any of the named Defendants were personally involved in the alleged sexual assaults. Accordingly, the Court will dismiss any claims of sexual assault for failure to state a claim.

### E. Fourteenth Amendment Claims Concerning Plaintiff's Use of the Grievance Process

Plaintiff claims that he has been denied the opportunity to file a grievance concerning the disclosure of his girlfriend's name. (Am. Compl., ECF No. 6, PageID.21.) However, as with his sexual assault claims, Plaintiff does not identify any individual responsible for denying him access to the grievance process. Therefore, the Court will dismiss Plaintiff's claims concerning his use of the grievance process for failure to state a claim. *See Iqbal*, 556 U.S. at 676; *Twombly*, 550 U.S. at 544.

Moreover, even if Plaintiff had named an appropriate Defendant, Plaintiff cannot state a Fourteenth Amendment claim concerning his use of the grievance process because Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, 19 F.3d 1435 (6th Cir. 1994). Accordingly, Plaintiff cannot state a Fourteenth Amendment claim concerning his use of the grievance process upon which relief may be granted.

### F. Claims Under Michigan Constitution

Lastly, Plaintiff brings claims for violation of the Michigan Constitution, namely Article II, Sections Two, Eleven, Sixteen, and Seventeen. However, there is no judicially inferred cause of action for damages against municipalities or municipal government employees under the

Michigan Constitution. *See Jones v. Powell,* 612 N.W.2d 423, 426 (Mich. 2000). Accordingly, the Court will dismiss Plaintiff's state law claims for failure to state a claim.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's amended complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:   October 8, 2025                              /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge